**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-35956 |
| Plaintiff - Appellee, | D.C. Nos. 9:09-cv-00048-DWM |
| v. | 9:03-cr-00007-DWM-1 |
| MATTHEW EVANS DOWD, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Argued and Submitted December 5, 2012
Seattle, Washington

Before: TALLMAN and WATFORD, Circuit Judges, and GLEASON, District
Judge.**

Federal prisoner Matthew Evans Dowd appeals the district court's denial of

his 28 U.S.C. § 2255 motion challenging his jury conviction and 127-month

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.


\** The Honorable Sharon L. Gleason, United States District Judge for
the District of Alaska, sitting by designation.

sentence for interstate domestic violence and willful failure to appear for sentencing. Dowd claims that trial counsel rendered ineffective assistance by failing to interview and subpoena five witnesses. He also claims that the prosecution violated *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to disclose that the victim's sister had told an FBI agent that the victim was not credible. We have jurisdiction under 28 U.S.C. § 2255, and we affirm.

Analyzing Dowd's ineffective assistance claim under *Strickland v. Washington*, 466 U.S. 668 (1984), we agree with the district court's decision following an evidentiary hearing that Dowd has failed to demonstrate that his Sixth Amendment right to counsel was violated. Dowd has shown neither that trial counsel was deficient for failing to interview and subpoena five defense witnesses, nor that Dowd suffered any prejudice as a result.

Dowd's *Brady* claim was insufficiently presented in his § 2255 habeas petition before the district court. In any event, Dowd would not be entitled to relief even if the claim had been properly raised, because the sister's affidavit, even if credited, regarding what she told the FBI agent is not sufficient to "undermine confidence in the outcome" of the trial. *United States v. Bagley*, 473 U.S. 667, 682 (1985).

**AFFIRMED.**

2